STATE OF MAINE                                    SUPERIOR COURT
                                                 CIVIL ACTION
KENNEBEC, ss.                                    DOCKET NO. AP-04-17

STEWART TITLE GUARANTY CO.,

        Petitioner

    v.                                           DECISION ON APPEAL

STATE TAX ASSESSOR,

        Respondent

        This matter comes before the court on cross-motions for summary judgment filed

by the parties on the petitioner's petition pursuant to M.R. Civ. P. 80C for review of

governmental action. Since the court agrees with the petitioner that the State Tax

Assessor has improperly applied the statute in question, the present order by the

respondent will be vacated. However, since the court also agrees with the respondent

that an alternative tax may be applicable, the matter will be remanded for those

calculations.

## Factual Background

        The present dispute arises out of the assessment of taxes on fees charged to the

parties to real estate conveyances in which the petitioner, Stewart Title Guaranty Co.

("STG"), was the underwriter of title insurance. STG is a national title insurance

company headquartered in Texas and licensed to sell its insurance products in the State

of Maine. While most title insurance companies not only provide insurance

underwriting but also other title-related services, STG is unique within the industry in

that it only deals with insuring title risks. The other title services, such as title searches

and examinations, preparation of title reports and policy issuance, are performed by

independent and affiliated agents under contract to the petitioner. These agents also

engage in numerous other tasks beyond their duties to STG, including preparing documents, securing mortgage payoffs, administering closings and acting as escrow agents. These additional services are factored into the fees charged to customers at closing.

None of petitioner's agents are authorized to underwrite insurance risks. In addition to acting as the petitioner's agent, its affiliated agents have acted as agents for other title insurance companies as well. When petitioner's agents issue a title insurance policy in its name, they collect fees from the buyers and lenders at a real estate closing. By contract with STG, its agents are free to charge customers such fees as may be permitted as long as they do not impose an obligation on the petitioner. A proportion of the fees collected by the agents is defined by contract as the "gross risk rate premium," which typically amounts to between 10% and 40% of the total amount collected from the customer. STG's only affiliated agent in Maine is Stewart Title of Northern New England, Inc. Under its contract, STG receives 25% of the total customer charges as gross risk rate premiums. The other 75% -- the amount received over and above the gross risk rate premium -- is retained by the agent for its own services. The petitioner uses the gross risk rate premiums remitted to it to fund its insurance reserves and cover its overhead costs.

Beginning in 1987, the National Association of Insurance Commissioners ("NAIC") promulgated instructions to guide title insurance carriers and provide consistency in reporting financial data by using a standardized form known as the "Schedule T." The Schedule T was to include as "direct premiums written" the entire amount charged to customers regardless of whether those amounts were ultimately remitted to the insurer. However, the NAIC instructions make clear that these amounts

are "not intended to be used for the calculation of the amount premium tax due." Instead, NAIC directs insurers to submit a separate schedule to taxing authorities.

Between 1987 and 2002, the petitioner submitted both the Schedule T as well as separate schedules to State taxing authorities to distinguish between amounts charged to customers and amounts actually remitted to STG. Until 2002, the respondent State Tax Assessor accepted this methodology by which the petitioner calculated its Maine premium tax liability by reducing the amount reported on the Schedule T by the amounts retained by its agents.

In September of 2002, Maine Revenue Services ("MRS") issued STG a notice informing it that it owed the State an additional amount for premium taxes. A similar notice was issued in March of 2003. In February of 2004, MRS notified STG it owed additional premium taxes for tax years 2000 and 2002, and later denied requests for reconsideration of the 1999 and 2001 assessments.

The reason for the different calculations is the position of the respondent that premium tax must be paid on the total amounts collected from the client real estate consumers, while the petitioner argues that its historic method of calculation, based only on that portion of the total charges which it ultimately receives for title insurance coverage, is the proper method for calculation.

The respondent filed timely appeals from agency action pursuant to M.R. Civ. P. 80C (now consolidated).

## Discussion

On a petition for review of a decision of the Assessor, the Superior Court conducts a de novo hearing and makes a de novo determination of the merits of the case. The key issue in the present case is the meaning of the term "gross direct premium," as used in the applicable statute which reads:

> Every insurance company or association that does business or collects premiums or assessments including annuity considerations in the State... shall, for the privilege of doing business in this State, and in addition to any other taxes imposed for such privilege pay a tax upon all gross direct premiums including annuity considerations, whether in cash or otherwise, on contracts written on risks located or resident in the State for insurance of life, annuity, fire, casualty and other risks at the rate of 2% a year...

36 M.R.S.A. § 2513 (2004). The key phrase "gross direct premiums," is not defined further in the Tax Code, though it is mentioned in the Insurance Code. According to the respondent, without citation, the Maine Revenue Service has treated the term "gross direct premiums" in 36 M.R.S.A. § 2513 as the equivalent of direct premiums reported by title insurers on the Schedule T, which is then consistent with the definition of "premium" set forth in 24-A M.R.S.A. § 2403. This argument is substantially eroded by the fact that the Revenue Service has allowed the petitioner to report its "gross direct premiums" in a schedule separate from the Schedule T for a period of 15 years.

After reviewing the various arguments on both sides, the court is more persuaded by the arguments of the petitioner concerning the definition of the term "gross direct premiums." That definition, which limits the term to that portion of property buyers payments specifically attributed to title insurance and specifically received by the petitioner as payment for such insurance coverage. One of the petitioner's persuasive arguments is that the legislature would not have intended this term to cover anything other than what the insurer actually received as premiums for the insurance, as opposed to incidental charges for title searches, document preparation, etc., as reflected in the provisions of 36 M.R.S.A. § 2515. While the Law Court has provided little guidance as to the definition of the word "premium," the petitioner also points to decisions from other jurisdictions including *Allstate Insurance Co. v. State Board of Equalization*, 336 P.2d 961, 964 (Cal. 1959). In addition, there is the rationale stated in an Opinion of the Attorney General in 1966, specifically with regard to this section, in

which it was noted that the word "premium" in its "proper and accepted sense [] means the amount *paid to the company* as consideration for insurance." Op. Me. Att'y Gen. (Jan. 5, 1966).

The court has also considered the decision of the Supreme Court of Washington in *First American Title Insurance Co. v. State of Washington, Department of Revenue*, 27 P.3d 604 (Wash. 2001) in which that court affirmed a decision invalidating the imposition of the state's business and operation tax on the entire premium paid by the consumers at closing.

In contrast, the respondent's arguments and citations are not persuasive. The fact that other insurance companies reporting taxable premiums from the sale of title insurance have reported the full amount of direct premiums reported on the Schedule T does not mean that they were consistently right, since during the same period the petitioner reported just the opposite without objection by the Maine Revenue Service. The respondent provides virtually no analysis or authority, beyond its plain assertions, to show that "gross direct premiums" taxable to STG include the full amount of "direct premiums" reported on the Schedule T.

Finally, in the struggle between the arguments of each side, the position of the petitioner benefits from the always welcomed comfort of fairness and common sense. Taxing an insurance company on monies which it actually receives for the insurance coverage it provides is fair. Taxing it for payments for other services such as title searches, escrow fees and closing costs, for which it receives no benefits, or payment, would be unfair.

Although the court agrees with the petitioner's definition of "gross direct premiums" and its position that it should not be required to pay premium tax on charges to property buyers not directly attributable to title insurance, the court agrees

with the respondent's alternative argument that the tax actually to be paid to the Revenue Service must consider the retaliatory tax provisions of 36 M.R.S.A. § 2519. That section provides:

> Any insurance company incorporated by a state of the United States... whose laws impose upon insurance companies chartered by this State any greater tax than is herein provided shall pay the same tax upon business done by it in this State, in place of the tax provided in another section of this Title.

In other words, the legislature is attempting to level the playing field for our insurance companies by making certain that insurance companies from other states doing business in Maine will pay the same tax as a comparable Maine insurance company doing business in the other home state. This equalizing calculation was not a basis for the respondent's decision. The respondent includes certain calculations in its brief with regard to this alternative position. However, since this issue has never had the advantage of full development at the agency level, including an opportunity for the petitioner to present information concerning how the State of Texas would tax a similar Maine company, the court will remand this matter for further proceedings as necessary to develop application of section 2519.

For the reasons stated above, the entry will be:

(1)     Petitioner's motion for summary judgment GRANTED IN PART and DENIED IN PART.
(2)     Respondent's motion for summary judgment DENIED IN PART and GRANTED IN PART.
(3)     Respondent's assessment of taxes for the years at issue is VACATED.
(4)     REMANDED to the respondent for further proceedings consistent with this Opinion and development of the appropriate tax pursuant to 36 M.R.S.A. § 2519.

Dated: May___5___, 2005

_____
S. Kirk Studstrup
Justice, Superior Court

Date Filed __7/12/04__  __Kennebec__  Docket No. __AP04-43__
County

**consolidated w/AP04-17**

Action __Petition for Review__
80C

# J. STUDSTRUP

__Stewart Title Guaranty Company__  vs.  __State Tax Assessor__

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Thimi R. Mina, Esq.<br>12 City Center<br>Portland, Maine  04101 | ~~Crombie~~ ~~Garrett~~ ~~AAG~~<br>State House Sta 6<br>Augusta Maine  04333<br>Michael Miller, AAG |

| Date of Entry | |
|---|---|
| 7/12/04 | Petition for Review of Final Agency Action, filed. s/Mina, Esq.<br>Petitioners' Motion for Consolidation, filed. s/Mina, Esq.<br>Proposed Order, filed. |
| 7/20/04 | ORDER ON MOTION FOR CONSOLIDATION, Studstrup, J. (dated 7/16/04)<br>Copies mailed to attys of record. |
| 8/13/04 | Notification of Discovery Service, filed. s/Garrett, AAG<br>Notice of Deposition of Stewart Title Company of Northern New England<br>Pursuant to M.R.Civ. P. 39(b)(6) served on Thimi R. Mina, Esq. on 8/11/04 |
| 9/15/04 | Notification of Discovery Service, filed. s/Mina, Esq. (filed 9/13/04)<br>Petitioner's Responses to Respondent's First Set of Interrogatories served<br>Crombie J. D. Garrett, AAG<br><br>Notification of Discovery Service, filed. s/Garrett, AAG    (9/14/04)<br>Respondent's Response to Petitioner's First Request for Production of<br>Documents served on Garrett, AAG on 9/10/04 |
| 12/29/04 | Notice of Withdrawal and Appearance of Counsel, filed. s/Garrett, AAG<br>s/Miller, AAG<br>Petitioner's Preliminary Witness and Exhibit Lists, filed. s/Mina, Esq. |
| 12/30/04 | Assessor's Motion for Extension of Time to File Trial Lists, filed.<br>s/Miller, AAG<br>Proposed Order, filed. |
| 1/7/05 | ORDER ON ASSESSOR'S MOTION FOR EXTENSION OF TIME TO FILE TRIAL LISTS, filed<br>s/Studstrup, J. (dated 1/3/05)  Motion Granted.  Copies issued to counsel.<br>Notice of setting for __2/15/05__<br><br>sent to attorneys of record. |
| 2/15/05 | Hearing held, Hon. Kirk Studstrup. (no courtroom clerk)<br>Arguments made to the court.  Case taken under advisement. |

| Date of Entry | |
|---|---|

Stewart Title Guaranty Co. vs. State Tax Assessor

5/5/05

DECISION OF APPEAL, Studstrup, J.

For the reasons stated above, the entry will be:

    (1)  Petitioner's motion for summary judgment GRANTED IN PART and DENIED IN PART.

    (2)  Respondent's motion for summary judgment DENIED IN PART and GRANTED IN PART.

    (3)  Respondent's assessment of taxes for the years at issue is VACATED.

    (4) REMANDED to the respondent for further proceedings consistent with this Opinion and development of the appropriate tax pursuant to 36 M.R.S.A §2519

Copies mailed to attys. of record

Copies mailed to Donald Goss, Deborah Firestone and Garbrecht Law Library

Date Filed __3/17/04__ ____Kennebec____ Docket No. __AP04-17__

County

CONSOLIDATED W/ AP04-43

Action ____Petition for Review____

80C

# J. STUDSTRUP

____Stewart Title Guaranty Company____ vs. ____State Tax Assessor____

| Plaintiff's Attorney | Defendant's Attorney |
|---|---|
| Thimi R. Mina, Esq.<br>12 City Center<br>Portland, Maine  04101 | XXXXXXXXXXXXXXXXXXXXXXXXX<br>6 State House Station<br>Augusta, Maine  04333-0006<br>Michael Miller, AAG |

| Date of Entry | |
|---|---|
| 3/17/04 | Petition for Review of Final Agency Action, filed. s/Mina, Esq. |
| 3/22/04 | Return receipts with return service made upon Maine Revenue Services and Maine Attorney General, filed. s/Mina, Esq. |
| 4/5/04 | Letter entering appearance, filed. s/Garrett, AAG |
| 5/17/04 | Joint Motion for Entry of Procedural Order, filed. s/Mina, Esq. Proposed Procedural Order, filed. |
| 5/19/04 | PROCEDURAL ORDER, Studstrup, J.<br>(Discovery shall close on September 30, 2004.  All dispositive motions sha be filed by November 30, 2004.)<br>Copies mailed to attys of record. |
| 6/1/04 | Notification of Discovery Service, filed. s/Garrett, AAG<br>Respondent's First Request for Production of Documents served on Thimi R. Mina, Esq. on 5/28/04. |
| 6/24/04 | Notification of Discovery Service, filed. s/Mina, Esq.<br>Petitioner's Response to Respondent's First Request for Production of Documents served on Crombie J.D. Garrett, AAG on 6/22/04 |
| 7/20/04 | ORDER ON MOTION FOR CONSOLIDATION, Studstrup, J. (dated 7/16/04)<br>Copies mailed to attys of record. |
| 8/9/04 | Notification of Discovery Service, filed. s/Mina, Esq.<br>Petitioner's First Request for Production of Documents served on Crombie J.D. Garrett, AAG on 8/5/04<br><br>Notification of Discovery Service, filed. s/Garrett, AAG<br>Respondent's First Set of Interrogatories Propounded to Petitioner served on Thimi R. Mina, Esq. on 8/6/04 |
| 8/13/04 | Notification of Discovery Service, filed. s/Garrett, AAG<br>Notice of Deposition of Stewart Title Company of Northern New England Pursuant to M.R.Civ. P. 30(b)(6) served on thimi R. Mina, Esq. on 8/11/04 |
| 9/13/04 | Notification of Discovery Service, filed. s/Mina, Esq.<br>Petitioner's Responses to Respondent's First Set of Interrogatories served on Crombie J.D. Garrett, AAG on 9/10/04 |

| Date of Entry | | Docket No. _____ |
|---|---|---|
| 9/15/04 | | Notification of Discovery Service, filed. s/Garrett, AAG<br>Respondent's Response to Petitioner's First Request for Production of Documents served on Thimi R.Mina, Esq. on 9/10/04 |
| 11/29/04 | | Petitioner's Motion for Leave to File Motion for Summary Judgment and Incorporated Memorandum of Law in Excess of Twenty Pages, filed. Proposed Order, filed.<br><br>Petitioner's Motion for Summary Judgment and Incorporated Memorandum of Law, filed. s/Mina, Esq.<br>Statement of Material Facts as to Which There Exist No Genuine Issues To Be Tried, filed. s/Mina, Esq.<br>Request for Hearing, filed.<br>Proposed Order, filed. |
| 12/01/04 | | Respondent's Motion for Summary Judgment; Respondent's Statement of Undisputed Material Facts; Affidavits of Richard E. Truman with attached Exhibits 1 & 2 and Crombie Garrett with attached Exhibit 1, filed. s/C. Garrett, AAG |
| 12/7/04 | | ORDER, Studstrup, J. (dated 12/3/04)<br>Petitioner's Motion to file in Excess of 20 pages granted.<br>Copies mailed to attys of record. |
| 12/17/04 | | Respondent's Response to Petititioner's Motion for Summary Judgment, filed. s/Garrett, AAG.<br>Respondent's Response to Petitioner's Statement of Material Facts as to Which There Exist no Genuine Issues to be Tried, filed. s/Garrett, AAG<br>Proposed Order, filed. |
| 12/20/04 | | Petitioner's Memorandum of Law in Oppositin to Respondnet's Motion for Summary Judgment, fliled. s/Mina, Esq.<br>Petitioner's Opposition to Respondent's Statement of Material Facts, s/Mina, Esq. (attached exhibits 1,2,3)<br>Proposed Order, filed.<br>Request for Hearing, filed. |
| 12/22/04 | | Respondent's Reply to Petitioner's Opposition to Respondent's Motion for Summary Judgment, filed. s/Garrett, AAG.<br><br>Petitioner's Reply to Respondent's Response to Petitioner's Motion for Summary Judgment, filed. s/Mina, Esq. |
| 12/29/04 | | Notice of Withdrawal and Appearance of Counsel, filed. s/Garrett, AAG s/Miller, AAG<br>Petitioner's Preliminary Witness and Exhibit List, filed. s/Mina, Esq. |
| 12/30/04 | | Assessor's Motion for Extension of Time to File Trial Lists, filed. s/Miller, AAG<br>Proposed Order, filed. |
| 1/7/05 | | ORDER ON ASSESSOR'S MOTION FOR EXTENSION OF TIME TO FILE TRIAL LISTS, filed. s/Studstrup, J. (dated 1/3/05) Motion Granted. Copies issued to counsel of record.<br>Notice of setting for _2/15/05_<br><br>sent to attorneys of record. |
| 2/15/05 | | Hearing had, Hon. Kirk Studstrup. (no courtroom clerk)<br>Arguments made to the court. Case taken under advisement. |